IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS G. CLAIBORNE,

    Petitioner,                    No. CIV S-06-1816 LKK DAD P

    vs.

CALIFORNIA DEP'T OF CORRECTIONS AND REHAB., et al.,              ORDER AND

    Respondents.            FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner claims violation of "Title II of the ADA" and to his right of access to the courts. He contends that he uses crutches and is mobility-impaired and that on July 5, 2006, after he was "denied access" to an elevator to get to the prison library, he fell and injured his back, right knee, and right shoulder.

        The court is required to examine a petition for federal habeas corpus relief before requiring a response to it. See Rules 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the

---

[1] Petitioner failed to pay the filing fee or to request leave to proceed in forma pauperis; therefore, no order has been issued granting petitioner leave to proceed in forma pauperis.

1

judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

When a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). The proper mechanism for raising a federal challenge to conditions of confinement is through a civil rights action pursuant to 42 U.S.C. § 1983. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Here, petitioner is clearly challenging the conditions of his confinement rather than the fact or duration of his custody. Therefore, the court will recommend that the habeas petition be summarily dismissed. The court will also direct the Clerk of the Court to provide petitioner with the court's form complaint and application for leave to proceed in forma pauperis so that he can proceed by filing a civil rights action challenging the conditions of his confinement if he so desires.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to provide petitioner with the court's form complaint for a civil rights action and an application for requesting leave to proceed in forma pauperis by a prisoner.

Also, IT IS HEREBY RECOMMENDED that this action be summarily dismissed because it plainly appears from the face of the petition that petitioner is not entitled to federal habeas corpus relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: September 20, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:4
clai1816.156